IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERICO VARGAS, | ) | |
| | ) | Civil Action No.:_____ |
| Plaintiff, | ) | |
| | ) | Judge:_____ |
| v. | ) | |
| | ) | |
| GONNELLA BAKING COMPANY, and | ) | JURY TRIAL DEMANDED |
| GONNELLA BAKING CO. | ) | FILED: AUGUST 11, 2008 |
| | ) | 08CV4542 |
| Defendants. | ) | JUDGE LEINENWEBER |
| | | MAGISTRATE JUDGE VALDEZ |

**COMPLAINT**

JFB

NOW COMES Plaintiff, FEDERICO VARGAS (hereinafter "Plaintiff" or "Vargas"), by and through his undersigned counsel of record, and complaining against Defendants, GONNELLA BAKING COMPANY and GONNELLA BAKING CO. (hereinafter collectively referred to as "Defendants" or "Gonnella"), and in so doing states as follows:

**NATURE OF THE CASE**

1.      This is a case about shocking and offensive sexual harassment and discrimination encompassing lewd acts against public policy perpetrated against a male in the workplace.  In this two (2) Count Complaint, Plaintiff Vargas seeks redress for Defendants' shocking and outrageous creation and perpetuation of a severe and pervasive sexually offensive and hostile work environment, gender discrimination, and sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").  Finally, Vargas seeks redress for Defendants' intentional infliction of emotional distress under Illinois common law for actions so extreme and outrageous they went beyond the bounds of decency and are to be regarded as intolerable in our society.

## PROCEDURAL REQUIREMENTS

2.      Plaintiff fulfilled all conditions precedent to the institution of this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e(k).

3.      Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission on or about April 25, 2007 alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e.  *See Charge of Discrimination attached hereto as Exhibit "A".*

4.      The commission issued a "Dismissal and Notice of Rights" dated May 13, 2008. *See May 13, 2008, Dismissal and Notice of Rights, attached hereto as Exhibit "B".*

5.      Plaintiff has timely filed this lawsuit within ninety (90) days from the date of the May 13, 2008 Notice of Rights.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, as amended, and 28 U.S.C. §1331 and §1343.  Supplemental jurisdiction over Plaintiff's Illinois state law claim is conferred by 28 U.S.C. § 1367(a).

7.      Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because the Plaintiff and Defendants either reside in this judicial district and/or because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

8.    Plaintiff FEDERICO VARGAS is a male that resides at 335 Silver Street, Elgin, Kane County, Illinois, within the Northern District of Illinois.

9.    Defendants are Illinois corporations with offices at 2006 West Erie Street, Chicago, Cook County, Illinois.

10.    Defendants are engaged in an industry affecting commerce and employs more than 15 employees and are employers within the meaning of Sections 701(b) and (h) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et seq.

## FACTS UPON WHICH CLAIMS ARE BASED

11.    Plaintiff is a male.

12.    On or about September 27, 2005, Plaintiff was employed by Defendants and works in maintenance.

13.    Plaintiff is an employee of Defendants pursuant to Title VII from on or about September 27, 2005, and continues to be an employee to this day.

14.    Defendants are employers as defined by Title VII.

15.    At all relevant times, Plaintiff performed his job responsibilities in a manner that met and/or exceeded Defendants' legitimate expectations.

16.    On a continuing, ongoing and escalating basis from September 27, 2005, through the present time, Plaintiff Vargas was subjected to repeated and pervasive verbal sexual advances, suggestive sexual comments, and degrading and derogatory remarks, which were unwelcome and offensive, by his direct supervisor, Mary Monarrez, because of his gender.

17.    Defendants subjected Plaintiff to offensive, unwelcome, and sexually abusive behavior, a severe and pervasive, sexually hostile work environment, and other gender discrimination, including, but not limited to the following:

      a.    A severe and pervasive sexually explicit environment;

      b.    Permitting Defendants employee and Plaintiff's direct supervisor, Mary Monarrez, to continuously and repeatedly sexually harass Complainant;

      c.    The sexually harassing conduct included, however is not limited to, the following:

           i.    On October 15, 2006, after noticing that Complainant was worried about his job performance, Mary Monarrez stood in very close proximity to Complainant and whispered "you know how to do your job baby" to Complainant;

           ii.    On another occasion, Mary Monarrez leaned over Complainant and intentionally rubbed her breast against Complainant's shoulder; and

           iii.    Ms. Monarrez repeatedly calls Complainant "baby"; and

           iv.    Other shocking and offensive lewd sexual remarks.

      d.    Defendants will not allow Plaintiff to participate in any type of recreational employee activities, including raffles and free giveaways; and

      e.    Defendants otherwise treated Plaintiff and other male employees less favorably in the terms, conditions, privileges, and responsibilities of their employment, as compared to female employees.

18.    The unwelcome sexual harassment, hostile work environment, and gender discrimination has affected the terms, conditions and responsibilities of Plaintiff's employment with Defendants.

19.    Plaintiff reported the various acts of gender discrimination, uninvited, unwelcome sexual harassment and severe and egregious hostile work environment he suffered to

those in authority at Defendants and/or Defendants had knowledge of the allegations herein and the sexually hostile work environment created by Mary Monarrez.

20.     Defendants took no action to remedy, alleviate, or otherwise address the discrimination, harassment and/or severe and pervasive hostile work environment.

21.     Defendants' actions were so outrageous, obscene, and degrading that it would offend and humiliate any reasonable individual.

22.     The working environment was so ridden with discrimination, sexual harassment and so sexually hostile that it reasonably interfered with Plaintiff's ability to perform his job responsibilities.

23.     At all times relevant herein, Plaintiff was performing all of his job duties/responsibilities in an outstanding manner and there was no legitimate non-discriminatory reason for the discriminatory and harassing treatment alleged herein.

24.     Defendants knowingly engaged in conduct intended to harass, humiliate, and degrade Plaintiff with intentional malice and knowledge that it was violating federal and state laws prohibiting said conduct.

25.     Plaintiff is a dedicated, hardworking and loyal employee that contributed to Defendants' business in a substantial and meaningful manner.

26.     Defendants' illegal actions as alleged herein have caused severe and egregious injury and damage to Plaintiff.

27.     Defendants contributed to, ratified, condoned, accepted, and failed to remedy or remediate the gender discrimination, sexual harassment and hostile work environment.

28.     Defendants knew and/or should have known of the gender discrimination, sexual harassment and hostile work environment and refused and failed to take action to terminate or

correct the gender discrimination, sexual harassment and hostile work environment, although having the power and authority to do so.

29.    The ongoing gender discrimination and sexual harassment alleged herein was so severe and/or pervasive that it both subjectively and objectively created a hostile, threatening and unsafe work environment, interfered with Plaintiff's ability to adequately perform his job responsibilities.

30.    Defendants have a policy and custom of allowing and condoning gender discrimination, sexual harassment and severe and pervasive sexually hostile work environments and failing to effectively respond to complaints/reports thereof and/or take action to terminate, correct, remediate or otherwise eliminate such actions and environment despite affirmative knowledge of such actions and environment.

31.    The actions of Defendants in intentionally engaging in and condoning gender discrimination, sexual harassment and a severe and pervasive sexually hostile work environment against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other consequential damages.

## COUNT I

### (42 U.S.C.A. §2000e, Sexual Harassment/Hostile Work Environment)

32.    Plaintiff incorporates and realleges all preceding paragraphs as if fully set forth herein.

33.    At all times relevant to this cause of action, Plaintiff was a "person" and "employee" of Defendants.

34.    Defendant Gonnella Baking Company is an "employer" covered by and within the meaning of Title VII, and Defendant Gonnella Baking Co is an "employer" covered by and within the meaning of Title VII.

35.    At all times relevant to this cause of action, Mary Monarrez was an "agent" of Defendants, covered by and within the meaning of Title VII.

36.    The actions of Defendants as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

37.    At all times relevant to this cause of action, Defendants had a duty under Title VII to refrain from discriminating against Plaintiff based on his gender and engaging in sexual harassment.

38.    Defendants had a duty under Title VII to prevent the ongoing severe and pervasive sexually hostile work environment.

39.    Plaintiff reported and/or Defendants had knowledge of the gender discrimination, sexual harassment and severe and pervasive sexually hostile work environment.

40.    Despite knowledge of the gender discrimination, sexual harassment and severe and pervasive sexually hostile work environment, and despite repeated reports and complaints by Plaintiff, Defendants refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing discrimination and harassment.

41.    Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of

Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

42.    The discriminatory actions by Defendants, through their management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

43.    Defendants, by and through its agents and employees, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

44.    The actions of Defendants in intentionally engaging in and condoning sexual harassment against Plaintiff has proximately caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

a.    All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

b.    Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendants' conduct;

c.    Defendants be required to pay prejudgment interest to Plaintiff on these damages;

d.    A permanent injunction enjoining Defendants from engaging in the discriminatory practices complained of herein;

e.    A permanent injunction requiring Defendants to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e et seq.;

f.    The Court to retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g.     Punitive damages as a result of Defendants' deliberate, intentional, willful, wanton and malicious conduct;

h.     An award of reasonable attorneys' fees, costs, and litigation expenses; and

i.     Such other relief as the Court may deem just or equitable.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45.     Plaintiff incorporates and realleges all preceding paragraphs as if fully set forth herein.

46.     Defendants' conduct, as alleged herein, was both extreme and outrageous to the point that it went beyond the bounds of decency and is to be regarded as intolerable in our society.

47.     Defendants, among other things, required Plaintiff to be subjected to egregious sexual harassment (as detailed above) in order to maintain his employment with Defendants.

48.     Defendants knew or should have known that the egregious sexual harassment (as detailed above) would cause Plaintiff, and any reasonable individual, to suffer severe emotional distress.

49.     As a direct and proximate result of the previously stated acts, Plaintiff has in the past and will in the future suffer severe mental and emotional harm and distress, embarrassment and humiliation, physical harm and other costs.

50.     Defendants' actions were extreme and outrageous, intentional, willful and wanton, and done with reckless disregard for Plaintiff's rights and to her physical well being, so as to justify awarding punitive damages and exemplary damages in this case.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants in an amount that will fully compensate his for injuries and damages of the past and future, including but not

limited to lost wages of the past and future, lost future earnings, lost employee benefits, severe

mental and emotional distress, embarrassment and humiliation, attorney fees and costs, punitive

damages, liquidated damages and prejudgment interest, as well as any other further relief as the

Court deems just and appropriate.

## **<u>JURY DEMAND</u>**

TRIAL DEMANDED ON ALL COUNTS SO TRIABLE

Dated: August 11, 2008                          FOOTE, MEYERS, MIELKE & FLOWERS, LLC

/s/Robert M. Foote
Robert M. Foote, Esq. (#03124325)
Stephen W. Fung, Esq. (#06289522)
Adam L. Gill, Esq. (#06289577)
28 North First Street
Suite 2
Geneva, Illinois 60134
Telephone: (630) 232-6333
Facsimile: (630) 845-8982

Kathleen C. Chavez (#06255735)
CHAVEZ LAW FIRM, P.C.
28 North First Street
Suite 2
Geneva, Illinois 60134
Telephone: (630)232-4480
Facsimile: (630) 845-8982

Peter L. Currie, Esq. (#06281711)
THE LAW FIRM OF PETER L. CURRIE, P.C.
536 Wing Street
St. Charles, Illinois 60174
Telephone: (630) 862-1130
Facsimile: (630) 845-8982

**<u>*Attorneys for Plaintiff*</u>**

# EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | 440-2007-04717 |

| Illinois Department Of Human Rights | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mr. Federico Vargas | (847) 742-8564 | 03/02/1962 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 335 Silver Street | Elgin, IL 60123 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Gonnella Baking Company and Gonnella Baking Co. | 15+ | (630) 820-3434 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 2435 Church Road | Aurora, IL 60504 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN

[ ] RETALIATION   [ ] AGE   [ ] DISABILITY   [ ] OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest        Latest

September 27, 2005

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

(SEE ATTACHED)

RECEIVED EEOC
APR 2 5 2007
CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| X 04/21/07    X *[signature]*<br>Date       Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

## ADDENDUM TO CHARGE OF DISCRIMINATION
### *Federico Vargas v. Gonnella Baking Company*
### *and Gonnella Baking Co.*
### Page 1 of 2

I.   **Complainant has been sexually harassed and discriminated against, retaliated against, and subjected to a hostile work environment on the basis of his gender in violation of Title VII of the Civil Rights Act of 1964 §701 *et seq.*, as amended 42 U.S.C. §2000e *et seq.* and/or the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.* The discrimination and harassment has occurred on a continuous and repeated basis for a period of time starting from September 27, 2005 and continuing up and through the present.**

   A.   Complainant is male.

   B.   Complainant was a qualified, competent, and dedicated employee that has been subjected to sexual harassment on many occasions and retaliated against and/or discriminated against on the basis of his reports of sexual harassment and/or his gender.

   C.   Respondent intended to discriminate against Complainant on the basis of his gender and permitted, ratified, encouraged, allowed, and otherwise created an unwelcome sexually hostile work environment.   The unwelcome sexual harassment and gender discrimination concerned the terms, conditions and responsibilities of Complainant's employment with Respondent.

   D.   Respondent treated Complainant differently than female employees in the terms, privileges, benefits and conditions of his employment.   The sexually harassing and discriminatory conduct included, however is not limited to, the following:

   1.   Respondent knowingly permits Respondent employee and Complainant's direct supervisor, Mary Monarrez, to continuously and repeatedly sexually harass Complainant.   The sexually harassing conduct included, however is not limited to, the following:

   a.   On October 15, 2006, after noticing that Complainant was worried about his job performance, Mary Monarrez stood in very close proximity to Complainant and whispered "you know how to do your job baby" to Complainant;

   b.   On another occasion, Mary Monarrez leaned over Complainant and intentionally rubbed her breast against Complainant's shoulder;

   c.   Ms. Monarrez repeatedly calls Complainant "baby," as well as other sexually harassing terms;

   2.   Respondent will not allow Complainant to participate in any type of recreational employee activities, including raffles and free giveaways;

## ADDENDUM TO CHARGE OF DISCRIMINATION
### *Federico Vargas v. Gonnella Baking Company*
### *and Gonnella Baking Co.*
#### Page 2 of 2

3.  Respondent otherwise treated Complainant and other male employees less favorably in the terms, conditions, privileges, and responsibilities of their employment, as compared to female employees.

E.  At all relevant times herein, Complainant has performed all of his job duties/responsibilities in an outstanding manner and there is no legitimate non-discriminatory reason for the discriminatory and harassing treatment alleged herein.

F.  Complainant is a dedicated, hardworking and loyal employee that has contributed to Respondent in a substantial and meaningful manner.

G.  Complainant has repeatedly reported and complained about the sexual harassment, gender discrimination and illegal treatment, as detailed herein, but Respondent has taken no action to investigate, remediate, discipline, or otherwise stop and/or prevent the ongoing illegal discrimination and harassment. In fact, despite Complainant's repeated reports/complaints and requests to change shifts as a result of the constant sexual harassment, Respondent has refused to allow Complainant to change shifts. Respondent intends to allow, ratify, and/or engage in the illegal and offensive conduct alleged herein.

H.  There is no legitimate non-discriminatory basis for sexually harassing, and/or discriminating against Complainant. Complainant is highly qualified and has always performed all of his job responsibilities in a manner which met or exceeded Respondent's legitimate business expectations.

I.  Respondent's actions are knowing, intentional, and malicious. The discriminatory and harassing conduct, as alleged herein, is engaged in, instigated by, encouraged by, ratified by, and condoned by Respondent. Respondent knows and intends that its conduct violate applicable federal and state laws.

J.  Respondent's illegal actions as alleged herein have caused severe and egregious injury and damage to Complainant.

# EXHIBIT B

EEOC Form 161 (2/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Federico Vargas<br>335 Silver St<br>Elgin, IL 60123<br><br>**CERTIFIED MAIL 7099 3400 0018 8814 8631** | From: **Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661** |
|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-04717 | **Sherice Galloway,<br>Investigator** | **(312) 886-4824** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

*John P. Rowe,*      5/13/08

**John P. Rowe,<br>District Director**     (Date Mailed)

cc: **GONNELLA BAKING COMPANY**